Fremont-Smith, Thayer, J.
In this case, Earl Hibbard was the operator and his wife Dorothy Hibbard was the passenger in an automobile which struck another vehicle operated by William E. Hill in which Karin B. Canton was a passenger. The Hibbards brought suit against the defendants, who counterclaimed for their personal injuries against Earl Hibbard.
Even though Dorothy Hibbard had no claim against her husband Earl (but only against the defendants) and even though no one had brought any claims against Dorothy, she provided a release to her husband Earl in return for a payment of $5,000 by him to her. Earl Hibbard now contends that his wife’s release of her non-existent claims against him shields him from liability to the defendants under M.G.L.c. 23IB, §4(b) which provides that “a release provided in good faith to one of two or more tortfeasors discharges the tortfeasors to whom it is given from all liability for contribution to any other tortfeasor.”
The statute, however, is inapplicable where as here, no party has claimed that Dorothy was at fault. In these circumstances, the payment of a nominal amount to her in exchange for her “release” of her non-existent claim against him cannot be considered “in good faith.” The case of Noyes v. Raymond, 28 Mass.App.Ct. 186 (1990), is inapposite. There the Court said “even where a claimant received nothing in exchange for releasing a defendant, the statute may preclude a claim by a co-defendant for contribution.” Id., 190. Here, Dorothy was not “a claimant” against the party to whom she provided a release and her husband was not a “defendant” in regard to her. Her provision of a release to her husband in settlement of her non-existent claim against him was, purely and simply, a sham. The statute cannot have reasonably been intended to shield Earl Hibbard, whose negligence appears to have been the cause of the accident,[1] from liability to the injured counterclaim defendants in these circumstances.
ORDER
Accordingly, plaintiffs motion to dismiss the counterclaim is denied.

The undisputed testimony of an eye-witness to the accident indicates that Earl Hibbard’s negligence was apparently its sole cause.